**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ZHUSHAN WANG,

       Petitioner,

v.                                     No. 2:26-cv-00375-DHU-JHR

DORA CASTRO, Warden, Otero County
Processing Center; JOEL GARCIA, Field
Office Director, El Paso Field Office, Immigration
and Customs Enforcement; KRISTI NOEM,
Secretary, U.S. Department of Homeland
Security; PAMELA BONDI, U.S. Attorney
General,

       Respondents.

**<u>ORDER GRANTING HABEAS PETITION</u>**

This matter comes before the Court on Petitioner Zhushan Wang's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully denied an opportunity for release on bond, in violation of the Immigration and Nationality Act ("INA"), its implementing regulations, and his due process rights. *Id.* at ¶¶ 1-10, 55-68. The Petition asks the Court to declare Petitioner's detention unlawful, order Petitioner's immediate release from custody, or in the alternative, order a prompt individualized bond hearing at which the Government bears the burden of justifying Petitioner's continued detention. *Id.* at 22.[1] Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.[2]

---

[1] Page citations are to the pages in the electronic court filing docket number and do not necessarily correspond with the page number of the Petition itself.

[2] On March 11, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO"), seeking the same relief as his underlying Petition. *See* Doc. 11. Because the Court now resolves Petitioner's underlying habeas case, the Motion for TRO (Doc. 11) will be **DENIED AS MOOT**.

## I.
## BACKGROUND

Petitioner Zhushan Wang is a citizen of China who entered the United States without inspection in 2017 and has resided here since that time. *Id.* at ¶¶ 18, 45; *see also* Doc. 1 at 33 (Exhibit D). On November 14, 2025, Petitioner was arrested and detained by ICE officers while riding as a passenger in a friend's vehicle near Exit 36 on Interstate 495 in New York City. *Id.* at ¶ 46. Petitioner has been in ICE custody since that time and is currently detained at the Otero County Processing center in Chaparral, New Mexico. *Id.* On December 30, 2025, Petitioner sought a bond hearing before an Immigration Judge ("IJ"), but the IJ denied the request for lack of jurisdiction under *Matter of Yajure Hurtado*. *Id.* at ¶ 51 (citing Exhibit D). Petitioner appealed to the Board of Immigration Appeals ("BIA"), but they affirmed the IJ's denial of bond. *Id.* at ¶ 52 (citing Doc. 1 at 39, Exhibit E). Before his detention, Petitioner had filed an application for asylum and withholding of removal, which remains pending. *Id.* at ¶ 50 (citing Doc. 1 at 31, Exhibit C).

On February 11, 2026, Petitioner filed the present Petition. This Court issued an Order to Show Cause, requiring Respondents to respond to the Petition. Doc. 4. The Government responded on February 25, 2026. *See* Doc. 9. In the Response, the Government does not dispute the facts alleged by Petitioner. *Id.* Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, Case No. 2:25-cv-01076. *Id.* at 2. And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

On March 1, 2026, Petitioner submitted a Reply in support of his Petition. Doc. 10. The Reply reiterates Petitioner's entitlement to relief and respectfully requests the Court consider ordering Petitioner's immediate release, rather than a bond hearing, because Petitioner already sought a bond hearing. *Id.* at 2.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA, its implementing regulations regarding bond, and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v.*

3

*Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175 (D.N.M. Feb. 26, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, *see* Doc. 9 at 2, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Wang, who entered the United States without inspection and has resided here for approximately eight years, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of bond deprived him of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge* favor shifting the burden of proof to the Government in any future bond hearing. Absent evidence that Petitioner was previously determined not to be a flight risk or danger to his community, the Court finds that ordering a bond hearing, rather than immediate release, is the appropriate remedy. For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

4

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, March 25, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Thursday, March 26, 2026, confirming whether a bond hearing was held and the result of said hearing.

Petitioner may submit an application for attorney's fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE