**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZHUSHAN WANG,

      Petitioner,

v.                                      No. 2:26-cv-00375-DHU-JHR

DORA CASTRO, Warden, Otero County
Processing Center; JOEL GARCIA, Field
Office Director, El Paso Field Office, Immigration
and Customs Enforcement; KRISTI NOEM,
Secretary, U.S. Department of Homeland
Security; PAMELA BONDI, U.S. Attorney
General,

      Respondents.

## <u>ORDER FOR NEW BOND HEARING</u>

This matter comes before the Court on the parties' Joint Status Report, filed on March 25, 2026, in which Petitioner contends that the Immigration Judge ("IJ") "did not sufficiently articulate that he reached his determination by shifting the burden to the Government to prove by clear and convincing evidence that Petitioner is a flight risk[.]" Doc. 14 at 1. Petitioner further asserts that his continued detention is not justified, though no explicit request for release is made. *Id.* After considering the parties' positions and a Digital Audio Recording ("DAR") of the bond hearing conducted on March 19, 2026, the Court will order a new bond hearing in this case.

On March 18, 2026, this Court issued an Order Granting in Part Petitioner's Habeas Petition. Doc. 13. The Order required Respondents to provide Petitioner with a bond hearing within seven days, at which the Government would "bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention." *Id.* at 5. The IJ was ordered not to deny bond based solely on a lack of

1

jurisdiction under the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*. *Id.* According to the parties' Joint Status Report, a custody redetermination hearing was held on March 19, 2026, and bond was denied based on flight risk. Doc. 14 at 1.

In his status report, Petitioner claims that the IJ failed to shift the burden of proof to the government as required by this Court's Order. Doc. 14 at 1. The Court has reviewed the DAR from the bond hearing at issue. While the Court found no indication that the IJ explicitly disregarded its Order, the recording creates sufficient uncertainty about the IJ's compliance to warrant a new bond hearing. First, during the bond hearing, as captured in the DAR, the IJ made no mention of the Court's order to shift the burden of proof to the Government. Instead, he turned to Mr. Wang's counsel first to hear his evidence in favor of bond. Ex. A at 01:03.[1] The IJ did ask for the Government's evidence and position during the hearing, but this occurred after Petitioner presented his evidence. *Id.* at 04:50. Without any acknowledgement from the IJ of this Court's order, and without adjusting the usual sequence of events at the bond hearing, the Court cannot be assured that the IJ did, in fact, shift the burden to the Government as ordered.

Even more concerning is the IJ's apparent reliance on *Matter of Hurtado* at Petitioner's bond hearing. Explaining his decision to deny bond, the IJ found Petitioner to be a flight risk based on his manner of entry, his time in the United States, the speculative nature of his relief, and the fact that "it appears that *Matter of Hurtado* may still apply in [his] case." Ex. A at 07:21. This Court's order, and the main case it relies on, *Requejo Roman v. Castro*, explicitly rejects the application of *Hurtado* to this case and prohibits the IJ from denying bond decision on jurisdictional grounds under *Hurtado. See* Doc. 13 at 3-5; *see also Requejo Roman*, --F.Supp.3d-,

---

[1] Exhibit A is the DAR of Petitioner's March 19 bond hearing, submitted to this Court by the Government. This Order cites to the DAR as "Ex. A" followed by the minute:seconds displayed on the recording.

2026 WL 125681 (D.N.M. 2026). The IJ's statement that *Hurtado* may still apply to this case is patently wrong in light of this Court's Order. Without a clearer acknowledgement from the IJ that he was not relying on *Hurtado* to deny bond, the Court cannot be sure that the IJ followed its Order rejecting *Hurtado*'s applicability to this case. In fact, the IJ's statement suggests he did not follow the Court's Order.

On several occasions, this Court has declined to review the merits of an IJ's bond decision, limiting itself to ensuring that the due process rights of petitioners like Mr. Wang are protected. But this Court takes those due process rights seriously, and the DAR provided by the Government creates serious doubts as to whether Mr. Wang's due process rights were respected. This warrants additional action from this Court.

**IT IS THEREFORE ORDERED** that Respondents must provide Petitioner with a second individualized bond hearing before a neutral IJ within seven (7) days of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, April 24, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based on a lack of jurisdiction under the BIA's decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that:

(1) A record be made of the bond hearing, whether by audio recording or transcription, that sufficiently demonstrates to this Court the IJ's compliance with this Order; and

(2) The parties submit a joint status report to the Court no later than Monday, April 27, 2026, confirming whether a new bond hearing was held and the result of said hearing.

3

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE